IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANNON DAVIDSON and
NEVILLE DAVIDSON,

                Plaintiffs,

  v.

ALEJANDRO MAYORKAS, Secretary of the U.S.
Department of Homeland Security,
UR M. JADDOU, Director of U.S. Citizenship and
Immigration Services, and TERRI A. ROBINSON,
Director of the National Benefits Center of U.S.
Citizenship and Immigration Services,

                Defendants.

OPINION and ORDER

21-cv-594-jdp

---

Plaintiffs Shannon and Neville Davidson, a married couple, allege that U.S. Citizenship and Immigration Services wrongfully denied Shannon's petition to establish Neville's eligibility for lawful permanent resident status. The agency determined that Shannon had not met her burden to prove beyond any reasonable doubt that she posed no risk to Neville's safety and well-being. The Davidsons now bring statutory and constitutional claims against the U.S. officials who oversee immigration proceedings.

Defendants move to dismiss the plaintiffs' statutory claims for lack of jurisdiction and to dismiss the constitutional claims for failure to state a claim. Dkt. 8. The court will grant the motion in part. Because the determination of whether a petitioner poses no risk to their non-citizen relative is committed to the sole and unreviewable discretion of the Secretary of Homeland Security, this court does not have jurisdiction over the statutory claims. But those same considerations suggest that the court does not have jurisdiction over the constitutional claims, either. The court will order plaintiffs to show cause why the constitutional claims should not be dismissed for lack of jurisdiction.

BACKGROUND

A. **Relevant law**

A U.S. citizen may sponsor her foreign national spouse for U.S. lawful permanent resident status. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a). To begin the process, the citizen submits a Form I-130, Petition for Alien Relative, on behalf of the intended beneficiary. If the facts stated in the petition are true and the alien is an immediate relative of the petitioner, the Attorney General must approve the petition. 8 U.S.C. § 1154(b).

The Adam Walsh Child Protection and Safety Act (AWA) created an exception to that general rule. The AWA provides that a family-based petition must be denied if the citizen petitioner has been convicted of a specified offense against a minor, "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk" to the alien beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii)(1). The secretary has delegated responsibility for I-130 petitions to U.S. Citizenship and Immigration Services (USCIS) pursuant to 8 C.F.R. § 2.1.

B. **Plaintiffs' allegations**

Plaintiff Shannon Davidson is a U.S. citizen. In 2001, Shannon was convicted of child enticement under Wis. Stat. § 948.07(3). In 2018, she married Neville Davidson, a citizen of Jamaica. Soon after, Shannon filed an I-130 petition on Neville's behalf. In March 2019, USCIS told Shannon that her conviction likely constituted a specified offense against a minor under the AWA. Dkt. 1-1. USCIS directed Shannon to submit evidence related to her conviction and indicated that her petition would be denied unless she could prove beyond any reasonable doubt that she posed no risk to the safety and well-being of her husband.

Shannon submitted an affidavit explaining that her conviction was the result of an attempt to escape a prostitution ring: she had been told that she would not be allowed to leave unless she found someone to replace her. Shannon also submitted affidavits from Neville and her mental health counselor stating that she did not pose any risk to Neville.

In January 2021, USCIS denied Shannon's petition, concluding that Shannon had not proved beyond any reasonable doubt that she posed no risk to Neville. Dkt. 1-3. Because Shannon's petition was denied, Neville cannot move forward with the family-based green card process.

## ANALYSIS

Plaintiffs assert claims under the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. As for the APA claims, plaintiffs contend that (1) USCIS did not have statutory authority to adopt the "beyond any reasonable doubt" standard for no-risk determinations; and (2) USCIS arbitrarily and capriciously failed to consider all of Shannon's evidence. As for the due process claims, plaintiffs contend that (1) USCIS's interpretation of the "risk" citizens may pose to adult beneficiaries is vague and overbroad; and (2) the process plaintiffs received was insufficient in light of the liberty and property interests at stake.

Defendants move to dismiss the APA claims under Federal Rule of Civil Procedure 12(b)(1), contending that the court does not have jurisdiction to review USCIS's decision. And they move to dismiss both the statutory and constitutional claims under Rule 12(b)(6) on the grounds that plaintiffs have not pleaded plausible claims for relief.

For the reasons that follow, the court concludes that it lacks jurisdiction over the APA claims. Because the relevant jurisdiction-stripping statutes appear to preclude review of the constitutional claims, the court will order plaintiffs to show cause why those claims should not be dismissed for lack of jurisdiction.

### A. APA Claims

The Immigration and Naturalization Act (INA) provides that courts cannot review an agency decision or action that is committed to the discretion of the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii). In the context of I-130 petitions, the AWA grants the secretary sole and unreviewable discretion to determine whether a petitioner who has been convicted of a specified offense against a minor poses no risk to the intended beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii)(1). Section 1252(a)(2)(D) of the INA permits judicial review of constitutional claims or legal questions related to discretionary determinations, but only when "raised upon a petition for review filed with an appropriate court of appeals."

Plaintiffs concede that the INA and the AWA preclude this court from reviewing the underlying determination that Shannon did not prove that she posed no risk to Neville. But they contend that the court has jurisdiction to hear claims about *how* USCIS made that determination. They argue that the AWA does not expressly give the secretary the authority to adopt a standard of proof, and that district courts can review discretionary decisions for legal error.

These arguments fail. As explained below, Congress clearly intended to preclude review of the procedures used to determine whether a petitioner poses a risk to an alien beneficiary, including the applicable burden of proof. And the INA expressly provides that claimants can

4

petition *courts of appeals* to review decisions for legal error, with no exception made for district court review.

1. **Burden of proof**

Plaintiffs contend that the secretary exceeded his statutory authority by adopting a "beyond any reasonable doubt" standard as the burden of proof in no-risk determinations. The AWA does not specify an applicable burden of proof. Plaintiffs argue that USCIS is bound by a decision of its Administrative Appeals Office holding that a "preponderance of the evidence" standard should apply to agency determinations unless another standard is specified by statute. *Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

The court does not have jurisdiction to hear this claim. The AWA gives the secretary sole and unreviewable discretion to determine whether a petitioner poses a risk to the intended beneficiary. Complete discretion to make a determination necessarily includes the authority to implement practices and procedures for how that determination is made. Accordingly, all six courts of appeals that have considered a version of plaintiffs' argument have concluded that federal courts do not have jurisdiction over statutory claims about the procedures USCIS uses to make no-risk determinations. *See, e.g., Bakran v. Sec'y, United States Dep't of Homeland Sec.*, 894 F.3d 557, 563 (3d Cir. 2018) ("The exercise of discretion includes deciding the type of proof required, the evidentiary standard a petitioner must satisfy, and whether the petitioner's evidence meets that standard."); *Gebhardt v. Nielsen*, 879 F.3d 980, 987 (9th Cir. 2018) ("The standards by which the Secretary reaches a decision . . . are just as unreviewable as the Secretary's ultimate decisions themselves."); *Bourdon v. United States Dep't of Homeland Sec.*, 940 F.3d 537, 543 (11th Cir. 2019) (collecting cases).

Plaintiffs rely on *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 491 (1991), for the proposition that jurisdiction-stripping statutes do not preclude review of the procedures an agency uses to make discretionary determinations. But *McNary* is distinguishable. The statute in that case, which concerned applications for special agricultural worker status, provided that "[t]here shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section." *Id.* (citing 8 U.S.C. § 1160(e)(1)). The court reasoned that the term "a determination" described the single decision of whether to grant the application but did not refer to the procedure used to make those determinations.

The relevant portion of the AWA is phrased differently. The AWA provides that a petition shall be denied "unless the Secretary of Homeland security, in the Secretary's sole and unreviewable discretion, determines that the petitioner poses no risk" to the beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii)(1). Because "unreviewable" modifies the word "discretion," the AWA makes the secretary's discretion itself unreviewable. As the Eighth Circuit observed in *Bremer v. Johnson*, 834 F.3d 925, 930 (8th Cir. 2016), nothing in the AWA suggests that secretary's discretion is confined to the single act of granting or denying an application. *See also Bourdon,* 940 F.3d at 537 (distinguishing *McNary* on the same grounds). Accordingly, the AWA bars review of the processes used to make the no-risk determination, and not only review of the final decision itself. The court cannot hear plaintiffs' APA challenge about the standard of proof.

2. **Consideration of evidence**

Plaintiffs allege that USCIS arbitrarily and capriciously failed to consider the evidence Shannon submitted or adequately explain its determination. The court of appeals has the authority to review discretionary immigration decisions for errors of law. *See, e,g,, Morales-*

6

*Morales v. Ashcroft*, 384 F.3d 418, 422 (7th Cir. 2004). Errors of law can include a "wholesale failure to consider evidence," *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008), such that the agency did not exercise its discretion at all. *Ward v. Holder*, 632 F.3d 395, 397 (7th Cir. 2011).

But plaintiffs identify no authority that a *district* court has jurisdiction over that sort of claim. The jurisdiction-stripping provisions of the INA include a specific exception to allow courts of appeals to review constitutional claims and questions of law raised on a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D). But there is no equivalent exception authorizing review in lower courts. All of the cases plaintiffs cite came to the court of appeals on petition for review, and nearly all cite § 1252(a)(2)(D) as the basis for jurisdiction. *See, e.g.*, *Iglesias*, 540 F.3d at 531; *Jawad v. Holder*, 686 F.3d 400, 404 (7th Cir. 2012).

The only exception is *Morales-Morales v. Ashcroft*, 384 F.3d 418, 420 (7th Cir. 2004), which was decided before § 1252(a)(2)(D) was enacted as part of the REAL ID Act of 2005. Pub.L. No. 109–13, 119 Stat. 231. But *Morales-Morales* was heard in the court of appeals on petition from the Board of Immigration Appeals; it doesn't suggest that a district court could hear the claim. Moreover, *Morales-Morales* was about a question of statutory interpretation, not a failure to consider evidence. The court explained that it had the authority to consider whether the Attorney General had misinterpreted the statutory criteria that cabined the Attorney General's decision-making, because the meaning of the statutes was not committed to the Attorney General's discretion. *Id.* at 421. But under the Adam Walsh Act, the secretary has the discretion to decide what evidence should or should not be considered. *See Bremer,* 834 F.3d at 930. ("The evidence the agency requires or considers, however, is an essential part of how the agency exercises its discretion to determine whether a citizen poses no risk.").

7

In this court's review, every district court in the Seventh Circuit faced with a claim of legal error in a discretionary immigration decision has dismissed the claim for lack of jurisdiction, citing § 1252(a)(2)(D). *See, e.g.*, *Nwauwa v. Holder*, No. 12 C 2925, 2013 WL 842665, at *3 (N.D. Ill. Mar. 6, 2013); *Sodhi v. Wolf*, No. 20-CV-04059, 2021 WL 7179276, at *2 (N.D. Ill. Sept. 24, 2021); *Elhayboubi v. Mayorkas*, No. 19 C 7659, 2021 WL 872946, at *3 (N.D. Ill. Mar. 8, 2021). This court will follow suit and dismiss plaintiffs' legal error claim.

**B. Constitutional claims**

Plaintiffs assert two constitutional claims. First, they contend that procedures used to make the no-risk determination were inadequate given plaintiffs' significant liberty interest in their marriage and Neville's property interest in a green card. Second, they contend that the agency's interpretation of the "no risk" standard is unconstitutionally vague and overbroad.

Defendants don't seek to dismiss the constitutional claims for lack of jurisdiction. But courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court discerns no basis to exercise jurisdiction over the constitutional claims if it cannot hear the statutory claims. The jurisdictional bars in the AWA and the INA do not distinguish between statutory and constitutional claims; both provide that decisions committed to the secretary's discretion are unreviewable. And plaintiffs' constitutional claims ask the court to review decisions the secretary has the sole discretion to make. Discretion to determine whether a citizen poses a risk requires (1) deciding what "risk" means and (2) adopting procedures to make the determination. So it appears that the court does not have jurisdiction to hear those claims.

But there is a strong presumption against limiting federal jurisdiction to hear constitutional claims. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Czerkies v. U.S. Dep't of Lab.*,

73 F.3d 1435, 1441 (7th Cir. 1996). Accordingly, courts of appeals often interpret statutes that preclude judicial review as being inapplicable to constitutional challenges. *Beslic v. I.N.S.*, 265 F.3d 568, 571 (7th Cir. 2001). But so-called "safety valve" jurisdiction to hear collateral constitutional challenges where statutes otherwise bar review lies with the court of appeals, not with district courts. *See Singh v. Reno*, 182 F.3d 504, 510 (7th Cir. 1999) ("exclusive responsibility for the prevention of miscarriages of justice now rests with the courts of appeals"); *Lara-Ruiz v. INS*, 241 F.3d 934, 939 (7th Cir. 2001).

Moreover, this is not a situation where the statutes completely preclude judicial review. As discussed above, § 1252(a)(2)(D) of the INA expressly provides that constitutional claims related to discretionary immigration decisions may be reviewed in the court of appeals. The existence of that exception supports the conclusion that the proper forum for plaintiffs' constitutional claims is in the court of appeals. Accordingly, district courts in the Seventh Circuit routinely dismiss constitutional claims related to discretionary immigration decisions. *See Nwauwa v. Holder,* No. 12 C 2925, 2013 WL 842665, at *3 (N.D. Ill. Mar. 6, 2013) ("[E]ven if plaintiff is entitled to petition for judicial review of her constitutional and legal claims, the appropriate forum is the court of appeals."); *Hazama v. Rosenberg*, No. 16 C 7106, 2018 WL 3831524, at *6 (N.D. Ill. Aug. 13, 2018).

District courts may dismiss claims for lack of jurisdiction on the court's own motion. *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992). But the parties have not had an opportunity to be heard on whether the INA and AWA bar district court review of plaintiffs' constitutional claims. The court will give plaintiffs a short time to show cause why the court should not dismiss the remaining claims. If the court concludes that it does not have jurisdiction over

plaintiffs' constitutional claims, they must be dismissed without reaching their merits. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 8, is GRANTED in part. Plaintiffs' statutory claims are dismissed for lack of subject matter jurisdiction. The court withholds a ruling on plaintiffs' constitutional claims.

2. Plaintiffs may have until May 13, 2022, to show cause why the court should not dismiss their constitutional claims for lack of jurisdiction. Defendants may respond by May 27.

Entered April 22, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge